181780 Darlene Romano et al. v. United States Good afternoon, Your Honor. Good afternoon. This case concerns the murder and then the recently there was a testimony at trial where this individual comes forward and says hey this guy was responsible for so-and-so's death. Based on that information the ex-wife and the daughter-in-law initiate a claim. Counsel, you've got a very limited amount of time and we understand what your claim is. What I'm not sure I understand is the legal grounding for it. You say the government, specifically the FBI, is liable for this murder. You sue under the Federal Tort Claims Act, which provides that the government is liable only in the same circumstances in which a private party would be liable. We look to Massachusetts law, state law, but Massachusetts law in this case, to see if there is a suitable analog to ground government liability on. And I'm struggling with the notion that there is such an analog. So perhaps you could help us with that. You're saying that there is no basis for the... What I'm saying is I'm not aware of any Massachusetts case law that would make a private party in the same circumstances as the government, reading the allegations of your complaint, liable for the actions of the murderer. It seems to me you're alleging in the complaint that there was an informant relationship between the murderer and the FBI, the government. But what Massachusetts case indicates that that type of relationship, not a custodial relationship, but purely a relationship as an informant, is the basis for tort liability under Massachusetts law. Well, when you look at what happened, okay, there are a number of these cases. And this case is just another example of them. But I do understand... What I'm struggling for is you're going to have to identify something in Massachusetts law. You really haven't done it in your brief. I'm trying to give you a chance to make your case. And you seem to be avoiding the question. If I could only read one Massachusetts case, what case would you want me to read? Well, I think I would ask you to read all the cases. Could you give me a clue? Could you give me the name of the case? I guess I'd have to, you know, I'd have to steer you towards a case in which I could do that. Unfortunately, I can't do that right now. I took your argument to be that you were focusing on the special relationship exception in Mass law and that you were arguing that this person was in fact under the control. Is that what you were doing? Well, I did that because the other side raised it as an issue. So what I had to do is, well, hey, with respect to raising that issue, okay, there has to be some argument in response. And there is. All right. Well, then I'll withdraw my question if you're saying that you only raised it in response to what the other side said and let you get back to Judge Selye's question, which is what is your theory of tort liability under Mass law? Well, I think the theory of tort liability is the, it's the fact that, and I apologize for my speech. It's just, please, it can just, I'm sorry. Well, this is a nerve wracking situation. We understand that. No, no. It's something I'm going through. It'll be on me in a little bit. But the passion, not the passion, it's the, it's, I'm so sorry. You also can submit on your brief. Excuse me? You can submit on your brief if you care to do that. See, but this is important because I think that what we're trying to say is under the brief that there's not enough facts. Okay. And I do think that that's what Judge Selye was saying. Hey, there's not enough facts in the brief to go ahead and support. Okay. And what I'm trying to say is, look, this is all we have. Okay. This is it. But what we did is we put together everything we had, which pointed in the direction of Mr. Mercetti. Okay. And that's what we did. And then Judge, the judge, you know, goes against us. And what I'm saying is, well, what is it that I could have done? You know what I mean? That's, that's what's, it bothers me. Yeah. You, you've tried very hard on behalf of your client and we appreciate that. But the, the Supreme Court has made it very clear in Twombly and Nick Ball that to get past the motion to dismiss and to get into discovery, you have to first have enough facts in your complaint to make a cause of action against your named defendant plausible. That's the word that Justice Scalia uses in, in Nick Ball, plausible. And the district court here found that you don't have enough facts to make a plausible case under any known mass precedent, Massachusetts precedent. And that's what, what we're struggling with. We're, we have to take what facts you have in your complaint. No one is criticizing you for not putting more facts in. We understand that you may not have more available to you. But we're trying to match that up with some precedent and that's what we're struggling with. And, you know, what I'm trying to say is I may be at the same juncture as you. Okay. I may be at the point where I have given everything I can, can, can give. And what I want to say is that is enough. Okay. That is enough. Okay. To get me to the next hurdle. Yeah. But see, that's not what the Supreme Court says. What Justice Scalia says is unless you can put enough facts together to set forth a plausible cause of action against the defendant, you can't, and I think I'm quoting his words exactly. You can't unlock the doors to discovery. And, you know, Your Honor, I understand what, you know, the Supreme Court is saying. I get it. Okay. But the bottom line here is how can the, how can the government, okay, not, not provide any documents. Okay. There's no disclosure at the time of this, I guess of this incident. Okay. And yet they come forward and say, look, there's no evidence. Anyway. Thank you, Your Honor. I'm happy to take any questions that the court has about any aspect of the case. We're also happy to rest on our griefs, whichever the court would prefer. Could you just help me with the version of the question that I think Judge Thompson and Judge Scalia have been asking and just your understanding of the legal standard by which we should be measuring the facts in the complaint? So there's custodial relationship, there's a control relationship, there's knowledge. Where, where do you? Well, I think what the district court correctly said is that this is a case in which other than one sentence, which did not meet the equality standards, that all of the allegations concern, not any affirmative action, but only failure to take action. And under Massachusetts law, that requires the assertion of special relationship. Plaintiffs invoked the custodial relationship. The district court said it clearly does not fall within the scope of the custodial relationship. So those were the two elements of the district court's holding, both of which we think are correct. We also think that the court didn't reach the statute of limitations issue, but that that would provide an alternative ground for arguments. Thank you. Thank you very much, Your Honor. Thank you, Judge. Thank you both. All right. Can we take a short recess? All rise. Thank you, Your Honor.